**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**GEZELLE GUILLARD,**

**Plaintiff,**

|  | **Civil Action 2:22-cv-1960** |
| **v.** | **Judge Michael H. Watson** |
|  | **Magistrate Judge Kimberly A. Jolson** |

**TOM PYLE, et al.,**

**Defendants.**

**<u>ORDER AND REPORT AND RECOMMENDATION</u>**

This matter is before the Court on Plaintiff's Motion for Leave to Proceed *in forma pauperis*. (Doc. 1). Plaintiff's request to proceed *in forma pauperis* is **GRANTED**. All judicial officers who render services in this action shall do so as if the costs had been prepaid. 28 U.S.C. § 1915(a). Additionally, having performed an initial screen, the Undersigned **RECOMMENDS** Plaintiff's Amended Complaint (Doc. 8) be **DISMISSED in part**.

**I.      BACKGROUND**

Plaintiff brought this lawsuit on April 15, 2022, purportedly on behalf of herself and other plaintiffs. The Court severed the claims of others, and directed Plaintiff to file an amended complaint. Specifically, the Court ordered Plaintiff to identify which claims she was bringing against each defendant and, under Rule 8 of the Federal Rules of Civil Procedure, provide:

(1) a short and plain statement of the grounds for the court's jurisdiction;

(2) a short and plain statement of the claim showing that the pleader is entitled to relief; and

(3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Fed. R. Civ. P. 8(a)(1)–(3).

This was required because Plaintiff's complaint was "too vague for the Court to discern whether her Complaint should be screened pursuant to 28 U.S.C. § 1915(e)(2)." (Doc. 7). To assist in complying with the Court's rules, Plaintiff was provided with the Court's Complaint Form (*Pro Se*), and directed to consult the Court's *pro se* guide, which provides basic information regarding the preparation of a complaint. (*Id.*); *see A Guide for Pro Se Civil Litigations: Representing Yourself in the United States District Court for the Southern District of Ohio*, Sec. III.1, available at http://www.ohsd.uscourts.gov/pro-se-handbook.

On June 24, 2022, Plaintiff filed an Amended Complaint (Doc. 8), which is now before the Court for an initial screen.

## II.    STANDARD

Because Plaintiff is proceeding *in forma pauperis*, the Court must dismiss any portion of the Complaint that is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); *see also McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997) ("Even if a non-prisoner pays the filing fee and/or is represented by counsel, the complaint must be screened under § 1915(e)(2)."). While true that pro se complaints are to be construed liberally, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), "basic pleading essentials" are still required, *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a complaint to set forth "a short and plain statement of the claim showing that the pleader is entitled to relief."

## III.    DISCUSSION

In her Amended Complaint (Doc. 8), Plaintiff sues: Athens City Police, Athens City School District, Athens County Children Services, Athens County Sheriffs Dept, Athens Municipal Courts, Bob Blackburn, Kara Bolin, Campus Heights, City of Athens, Clerk of Courts,

Mike DeWine, Carly Ferguson, Andrew Foster, Tom Gibbs, Angela Hall, Ron Hawk, Dave Hayden, Ross Holter, Ricky Hysel, Derrick Johnson, Mandi Knowlton-Cain, Caitlyn McDaniel, Nick McGruder, Steve Patterson, Tom Pyle, Steven Roach, Candy Russell, Jeff Skinner, Rodney Smith, Southeastern Ohio Legal Services, and Dave Yost.

For the following reasons, Plaintiff's claims against Athens City School District, Bob Blackburn, Kara Bolin, Tom Gibbs, Angela Hall, Dave Hayden, Steven Roach, and Jeff Skinner ("the School Defendants") may proceed.  It is **RECOMMENDED**, however, that the claims against the remaining defendants be dismissed.

### A.  Claims Against the School Defendants

The heart of Plaintiff's allegations concern how her son has been treated at school.  She alleges abuse, including physical assaults by an instructor and a classmate, and then a failure to protect.  Plaintiff says that individually, and together, the School Defendants created and allowed an unsafe educational environment.

Liberally construing her pro se complaint, the Court permits these claims to proceed.  Still, Plaintiff is advised that she will be required to develop her case throughout this litigation.  And the Court retains the power to dismiss her case if it becomes clear that she cannot meet the standards of 28 U.S.C. § 1915(e)(2).  Plaintiff is also advised that she will need to make clear what claims she is bringing on behalf of herself and what, if any, claims are brought on behalf of her son.

### B.  Remaining Claims

Even giving Plaintiff some leeway, her claims against the remaining defendants fail to state a claim upon which relief can be granted.  The remaining defendants are:  Athens City Police, Athens County Children Services, Athens County Sheriffs Dept, Athens Municipal Courts, Campus Heights, City of Athens, Clerk of Courts, Mike DeWine, Carly Ferguson, Andrew Foster,

Ron Hawk, Ross Holter, Ricky Hysel, Derrick Johnson, Mandi Knowlton-Cain, Caitlyn McDaniel, Nick McGruder, Steve Patterson, Tom Pyle, Candy Russell, Jeff Skinner, Southeastern Ohio Legal Services, and Dave Yost.

At base, it appears that Plaintiff wanted these defendants to respond differently to what was happening at her son's school.  But Plaintiff has not alleged any violation of her constitutional or federal rights with regards to how they responded—or failed to respond.  And, for many of the remaining defendants, Plaintiff has stated very little and certainly not enough for a case to proceed against them.  For example, Plaintiff is disappointed that: Lawyers from Southeast Ohio Legal Services did not do more with her case (Doc. 8 at 8), the mayor of Athens did not meet with her (*id.* at 9), and Campus Heights and property manager Ricky Hysell have not done "necessary repairs" on her apartment (*id.* at 9–10).  None of this states a federal claim.  As for the claims against law enforcement, Plaintiff seems to challenge her son's arrest, but Plaintiff has again not said enough for any claim to proceed.

Additionally, Defendants Governor Mike DeWine and Attorney General Dave Yost are immune from lawsuits for compensatory damages brought against them in their official capacities. *See Pennhurst St. Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100, 104 S. Ct. 900, 79 L. Ed. 2d 67 (1983); *Lawson v. Shelby Cnty.*, 211 F.3d 331, 334 (6th Cir. 2000).  Defendants Athens Municipal Courts and its Clerk of Courts (Candy S. Russell) also enjoy immunity.  *See, e.g.*, *Swann v. Reese*, No. 3:20-cv-509, 2022 U.S. Dist. LEXIS 90043 (S.D. Ohio May 19, 2022).  So, for this additional reason, the claims against these defendants must be dismissed.

### C. Preliminary Pretrial Conference

The School Defendants answered Plaintiff's Amended Complaint on July 20, 2022. So the matter is ready to proceed to the next phase. The parties are directed to confer and file a 26(f) Report by **September 7, 2022**. The required form is attached.

## IV.    CONCLUSION

Plaintiff's request to proceed *in forma pauperis* (Doc. 1) is **GRANTED**. Having performed the initial screen, the action may proceed against: Athens City School District, Bob Blackburn, Kara Bolin, Tom Gibbs, Angela Hall, Dave Hayden, Steven Roach, and Jeff Skinner. It is **RECOMMENDED** that the claims against Athens City Police, Athens County Children Services, Athens County Sheriffs Dept, Athens Municipal Courts, Campus Heights, City of Athens, Clerk of Courts, Mike DeWine, Carly Ferguson, Andrew Foster, Ron Hawk, Ross Holter, Ricky Hysel, Derrick Johnson, Mandi Knowlton-Cain, Caitlyn McDaniel, Nick McGruder, Steve Patterson, Tom Pyle, Candy Russell, Jeff Skinner, Southeastern Ohio Legal Services, and Dave Yost be **DISMISSED**. Plaintiff and the School Defendants shall file their 26(f) Report by **September 7, 2022**.

The Clerk is **DIRECED** to issue summons for Defendants Athens City School District, Bob Blackburn, Kara Bolin, Tom Gibbs, Angela Hall, Dave Hayden, Steven Roach, and Jeff Skinner. The United States Marshals Service is **DIRECTED** to effect service of process on these defendants by certified mail.

## Procedure on Objections

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A Judge of this Court shall make a *de novo* determination of those

5

portions of the Report or specified proposed findings or recommendations to which objection is made.  Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions.  28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

IT IS SO ORDERED.

Date: August 24, 2022                                    /s/ Kimberly A. Jolson
                                                                     KIMBERLY A. JOLSON
                                                                     UNITED STATES MAGISTRATE JUDGE